NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GASTEAZORO-PANIAGUA, | No. 18-35795 |
| Petitioner-Appellant, | D.C. No. 3:17-cv-05787-BHS |
| v. | |
| RON HAYNES, Superintendent, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 30, 2020[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Jose Gasteazoro-Paniagua appeals the district court's denial of his 28 U.S.C.

§ 2254 petition challenging his convictions for attempted first degree murder and

first degree unlawful possession of a firearm. This court granted a limited

certificate of appealability as to whether Gasteazoro-Paniagua received ineffective

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

assistance of counsel at trial.  We have jurisdiction under 28 U.S.C. § 2253.  We review de novo, *see Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001), and we affirm.

Gasteazoro-Paniagua argues his trial counsel's performance was deficient because he failed to object to an argument by the prosecution that shifted the burden of proof.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (explaining that an ineffective assistance of counsel claim is established where a defendant shows that "counsel's performance was deficient" and "the deficient performance prejudiced the defense").

But the prosecutor's argument did not "constitute[] objectionable misconduct," *Zapata v. Vasquez*, 788 F.3d 1106, 1112 (9th Cir. 2015), because Gasteazoro-Paniagua "has not shown the prosecution clearly shifted the burden of proof to the defense," *Demirdjian v. Gipson*, 832 F.3d 1060, 1071 (9th Cir. 2016) (rejecting an allegation of burden shifting because the "jury reasonably could have inferred that—in context—[the prosecutor's argument] was intended . . . merely as comment on the defense's trial tactics and weaknesses in the defense's theory of the case").  And because the prosecutor's argument was not improper, the state court reasonably concluded that the trial counsel's failure to object did not render his performance deficient.  *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**